The majority holds that appellant's guilty plea was knowingly and voluntarily made. The transcript of proceedings and the journal entries in the record belie such a conclusion.
First, appellant was advised by his counsel of a two-year sentence if he entered a guilty plea to attempted burglary. Secondly, at the plea hearing, the prosecutor, defense counsel, appellant, and the judge believed that the plea would provide for a two-year sentence and appellant was so informed. Thirdly, when the court believed the agreed penalty was wrong, a discussion occurred. Appellant was not a participant in the discussion. Finally, after thrashing it out with counsel, the court advised appellant what the penalties could be — not what the penalty would be.
The transcript establishes that a possible change in sentence was not discussed by appellant with counsel. Appellant had discussed the plea bargain with his counsel and accepted his advice in belief that the sentence was for two years on the attempted burglary charge. The confused discussion was not explained to appellant by his counsel, and I can readily believe that appellant's plea was not knowingly and voluntarily entered.
The guilty plea was accepted and the sentencing of appellant was set for December 9, 1986. At that time, the court stated: "Well, it's going to be the sentence of this Court you be confined to the Ohio State Reformatory for a definite term of two years on Count One * * *." The court then placed appellant on probation. Appellant believed he was sentenced to two years definite. The court's entry to this effect was filed December 11, 1986.
On January 20, 1987, the court suspended the sentence and placed defendant on five years' probation. On January 26, 1989, appellant's probation was revoked; the court imposed the original two-year definite sentence. It was not until March 9, 1989 that a nunc pro tunc amended entry was filed which for the first and only time sentenced appellant to an indefinite two to ten year term of incarceration.
In view of the record in this cause, appellant's third assignment of error should be granted and the guilty plea should be withdrawn. Accordingly, I must dissent.